## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | |
|---|---|
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS,<br><br>         Plaintiff,<br><br>    v.<br><br>U.S. CUSTOMS & BORDER PROTECTION<br><br>       Defendant. | Case No. 4:24-cv-785 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Office of the Attorney General of Texas ("OAG") brings this action for declaratory and injunctive relief against the United States Customs and Border Protection ("CBP") agency to compel compliance with the Freedom of Information Act, and states as follows in support thereof:

### PRELIMINARY STATEMENT

1.      The State of Texas shares the longest border with Mexico of any state in the country. It is greatly impacted by the human and drug trafficking that occurs across the border.

2.      In fiscal year 2021, CBP logged 1,734,686 encounters along the southwest border. That number skyrocketed to nearly two-and-a-half million in both fiscal year 2022 and 2023. Border encounters are on pace to again exceed two million in fiscal year 2024. Southwest Land Border Encounters, U.S. Customs and Border Protection (Data current as of 7/5/2024), https://www.cbp.gov/newsroom/stats/southwest-land-border-encounters.

3.      In response to the growing crisis along Texas' southern border, Governor Abbott and the Texas Department of Public Safety launched "Operation Lone Star," with the express purpose of

combatting "the smuggling of people and drugs into Texas." Office of the Texas Governor, *Governor Abbott, DPS Launch "Operation Lone Star" To Address Crisis At Southern Border* (Mar. 6, 2021), https://gov.texas.gov/news/post/governor-abbott-dps-launch-operation-lone-star-to-address-crisis-at-southern-border.

4.      On December 14, 2022, Governor Abbott called on OAG to "initiate an investigation into the role of [non-governmental organizations] in planning and facilitating the illegal transportation of illegal immigrants across our borders." Letter from Governor Greg Abbott to Texas Attorney General Ken Paxton, Dec. 14, 2022, https://gov.texas.gov/uploads/files/press/Ken_Paxton_OAG_.pdf.

5.      In a Letter from U.S. Congressman Lance Gooden, Catholic Charities was identified as a federally funded NGO that "aid[s] and abet[s] migrants that illegally cross the border." Letter from U.S. Congressman Lance Gooden, May 23, 2023, https://gooden.house.gov/_cache/files/5/5/55f14246-5786-4265-b9da-49d6a3e4878d/D3657C73830B97ECFE01D4BFE5BEC90C.rep.-gooden-ngo-dear-colleague.pdf.

6.      On June 7, 2024, OAG submitted four FOIA requests to CBP seeking communications between specified agents of CBP with Catholic Charities of the Rio Grande Valley. More than two months later, CBP has not produced any responsive documents nor claimed any of FOIA's exemptions to disclosure apply to the information sought.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over OAG's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8.      This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

9.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552 (a)(4)(B).

10.     Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11.     Plaintiff, the Office of the Texas Attorney General, is the legal representative of the State of Texas, a sovereign State of the United States of America.

12.     Defendant, U.S. Customs & Border Protection, is a component of the United States Department of Homeland Security and an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1).  U.S. Customs & Border Protection is headquartered at 1300 Pennsylvania Avenue Northwest, Washington, D.C. 20229.

## LEGAL BACKGROUND

13.     FOIA imposes strict deadlines on federal agencies when they receive a request for records. An agency has twenty days (excluding weekends and legal public holidays) from the date it receives a FOIA request to decide whether it will produce responsive records (if any) or instead withhold those records pursuant to one of FOIA's exemptions. 5 U.S.C. § 552(a)(6)(A).

14.     If an agency is unable to make a decision by the twenty-day deadline, a limited ten-business-day extension is authorized, but only in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA defines three limited circumstance that qualify as unusual: (I) when needed records must be retrieved off-site from the office processing the FOIA request; (II) when a voluminous amount of records sought by a single request must be searched, collected, and examined; and (III) when another component of the agency, or a separate agency, needs to be consulted regarding records sought by a request. 5 U.S.C. § 552(a)(6)(B)(iii).

15.     If an agency elects to take the extension, it must provide written notice "setting forth the unusual circumstances" justifying the extension. 5 U.S.C. § 552(a)(6)(B)(i).

16.     If the agency cannot process a FOIA request by the end of the ten-day extension (*i.e.*, thirty-days after the agency received the request), it must "provide the person an opportunity to limit

the scope of the request so that it may be processed within that time limit," or agree to an alternative time frame for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii).

17.     When an agency fails to make a timely determination with respect to a perfected FOIA request, a requester is deemed to have exhausted administrative remedies with respect to the request and may immediately file suit in district court.  5 U.S.C. § 552(a)(6)(C).

## FACTUAL BACKGROUND

18.     On June 7, 2024, OAG submitted four FOIA requests to CBP.

19.     Request No. 1 sought copies of all emails and text communications between Gloria I. Chavez (Chief Patrol Agent, U.S. Border Patrol, Rio Grande Valley Sector) and Norma Pimentel of Catholic Charites Rio Grande Valley, between the dates of January 1, 2023, and March 4, 2024. Exhibit A.  OAG agreed to pay all necessary fees for this request.

20.     Request No. 2 sought all email and text communications from Gloria I. Chavez using the terms "Norma Pimentel," "Pimentel," "Sister Norma," "Sr. Norma," "Sister Pimentel," or "Sr. Pimentel," between the dates of January 1, 2023, and March 4, 2024. Exhibit B. OAG agreed to pay all necessary fees for this request.

21.     Request No. 3 sought all email and text communications between Carlos Rodriguez (Port Director for Hidalgo Port of Entry, U.S. Customs and Border Protection) and Norma Pimentel, between the dates of January 1, 2023, and March 4, 2024. Exhibit C. OAG agreed to pay all necessary fees for this request.

22.     Request No. 4 sought all email and text communications from Carlos Rodriguez using the terms "Norma Pimentel," "Pimentel," "Sister Norma," "Sr. Norma," "Sister Pimentel," or "Sr. Pimentel," between the dates of January 1, 2023, and March 4, 2024. Exhibit D. OAG agreed to pay all necessary fees for this request.

23.     On June 10, 2024, CBP consolidated the four FOIA requests into tracking number

CBP-FO-2024-121081.

24.     That same day (the first business day after the four FOIA requests were submitted), CBP invoked a ten-day extension to FOIA's twenty-day response deadline. The justification provided by CBP for the extension was the "request seeks documents that will require a thorough and wide-ranging search." Exhibit E.

25.     Less than seventeen hours later, on June 11, 2024, CBP sent another e-mail notifying OAG that "it may take 6-9 months to receive a response to your FOIA request." The only explanation provided for the delay was the "increasing number of FOIA requests received" by CBP, and "a current backlog." Exhibit F.

26.     On information and belief, CBP routinely exceeds FOIA's deadlines in processing even non-complex requests and invokes multi-month extensions in a manner unauthorized by FOIA.

27.     As of the date of this filing, CBP has not communicated any determination as to whether responsive records exist and, if so, whether they will be produced or withheld under an exemption.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552, Failure to Produce Records)**

28.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

29.     OAG properly made its FOIA requests to CBP, seeking any responsive records within CBP's control.

30.     As of the time of this filing, CBP has neither produced responsive records, nor claimed any record is exempted from disclosure.

31.     CBP has violated FOIA by failing to promptly produce the records lawfully requested by OAG. 5 U.S.C. § 552(a)(3)(A).

32.     Because CBP has not issued a determination within the timeframe FOIA mandates, OAG is deemed to have exhausted its administrative remedies. 5 U.S.C. §552(a)(6)(C).

33.     OAG is being harmed by CBP's on-going violation of FOIA and its unlawful withholding of records to which OAG is entitled. CBP's disregard for FOIA's requirements has deprived OAG of pertinent information material to an OAG investigation. OAG will continue to be harmed until CBP is compelled to comply with FOIA and produce the requested records.

34.     OAG is entitled to injunctive and declaratory relief regarding the disclosure of the records sought in OAG's June 7, 2024, FOIA requests.

**COUNT II**
**(Violation of FOIA, 5 U.S.C. § 552, Unauthorized Policy and Practice)**

35.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

36.     On information and belief, CBP has a policy and practice of violating FOIA's provisions and its own promulgated rules by invoking ten-day, or longer, extensions in unauthorized circumstances and failing to provide required notice to requestors of additional FOIA rights available to them.

37.     On June 10, 2024, CBP impermissibly consolidated OAG's four FOIA requests into one. FOIA only authorizes requests to be aggregated when an agency reasonably believes that separate requests, if considered together, "would otherwise satisfy the unusual circumstances" defined by FOIA. 5 U.S.C. § 552 (a)(6)(B)(iv).

38.     In its June 10, 2024, e-mail, CBP notified OAG that it was taking a ten-day extension to its deadline to respond to the FOIA requests. But in so doing, CBP failed to properly invoke the ten-day extension because it did not identify which of the specific and limited statutory bases justified the extension. Instead, CBP tied the ten-day extension exclusively to its erroneous characterization of OAG's requests as requiring "a thorough and wide-ranging search." Exhibit E. Even if that were the case, a request that calls for "a thorough and wide-ranging search" is not among the limited "unusual circumstances" congress has delineated as justifying an extension.

39.     CBP's pretextual invocation of a ten-day extension is further belied by the agency

taking an additional six-to-nine months extension the very next day. The sole justification for the second unauthorized extension is CBP's representation that it faces an "increasing number of FOIA requests received." Exhibit F. However, a high volume of FOIA requests is not among the "unusual circumstances" that authorize even a ten-day extension, much less one lasting nine-months.

40.     FOIA contemplates that agencies may be unable to comply with certain requests even within the additional ten-days permitted in unusual circumstances. Therefore, extensions greater than ten-days are authorized only after providing the requestor either "an opportunity to limit the scope of the request so that it may be processed" within the ten-day extended deadline or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. §§ 552(a)(6)(B)(i)–(ii); *See also* 6 U.S.C. Part 5 § 5.5(c) (CBP rule stating the same).

41.     Although FOIA (and CBP rule) require CBP to explain these options to requestors, it entirely failed to do so here. Thus, not only did CBP's inadequate notices fail to properly invoke any extension at all, they also failed to inform OAG of its rights under FOIA.

42.     OAG is entitled to injunctive and declaratory relief prohibiting any further violations of FOIA by CBP, and an order compelling CBP to immediately process OAG's FOIA requests.

## COSTS AND FEES

43.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

44.     Pursuant to 5 U.S.C. § 552(a)(4)(E), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

45.     OAG is statutorily entitled to recover fees and costs incurred as a result of CBP's failure to make timely determinations with regard to the FOIA Requests. 5 U.S.C.§ 552(a)(4)(E)(i).

46.     OAG asks the Court to order CBP to pay reasonable attorney fees and other litigation costs incurred in this case.

## REQUEST FOR RELIEF

WHEREFORE, the Office of the Attorney General respectfully requests that this Court enter judgment in its favor and prays for the following relief: (I) A declaration pursuant that CBP has violated FOIA by failing to lawfully satisfy OAG's FOIA Requests; (II) an order compelling CBP to immediately process and release all records responsive to the FOIA requests at issue;[1] (III) retain jurisdiction over this action to ensure the processing of OAG's FOIA requests without further delay; (IV) an order awarding OAG its reasonable attorney's fees and costs; and (V) such other and further relief as the Court deems just and proper.

Dated: August 15, 2024

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

RYAN BAASCH
Chief, Consumer Protection Division

*/s/ Clay Watkins*
CLAYTON R. WATKINS

---

[1] Courts regularly order federal agencies to produce documents at a rate of 5,000 pages per month, or higher, in FOIA litigation. *See*, *e.g.*, *NRDC v. Dep't of Energy*, 191 F. Supp. 2d 41, 43 (D.D.C. 2002) ("vast majority" of 7,500 pages within 32 days); *Open Society v. CIA*, 399 F. Supp. 3d 161, 168 (S.D.N.Y. 2019) (5,000 pages per month); *Judge Rotenberg Educ. Ctr.*, 376 F. Supp. 3d 47, 57 (D.D.C. 2019) (same); *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (same).

Assistant Attorney General
Consumer Protection Division
State Bar No. 24103982
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4177
Telecopier: (512) 473-8301
Email: clayton.watkins@oag.texas.gov

*Counsel for the Office of the Attorney General of Texas*