**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION**

| | | |
|---|---|---|
| OFFICE OF THE ATTORNEY GENERAL OF TEXAS, | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | Case No. 4:24-cv-785-P |
| U.S. CUSTOMS & BORDER PROTECTION | § § § | |
| *Defendant.* | § § | |

———————

## JOINT SCHEDULUING REPORT

Plaintiff The Office of the Attorney General of Texas (OAG) and Defendant U.S. Customs & Border Protection (USCBP) submit the following joint report pursuant to this Court's November 12, 2024 Order (ECF 13). The parties have conferred regarding the subjects set forth in the Order and respectfully submit the following:

1. **Scheduling Conference:**

    Counsel for OAG, Clay Watkins, met in person with USCBP's counsel, Tami Parker, on December 6, 2024, at the U.S. Attorney's office in Fort Worth. Although a settlement was not reached, meaningful conversation continued regarding a resolution of the controversy. The parties disagree as to the appropriate scope of OAG's pending FOIA requests; however, based on USCBP's representation that a significant amount of production will occur by January 15, 2025, the parties anticipate further conversation shortly after that date.

2. **Brief statement of the claims and defenses:**

    *Plaintiff's claims:*

OAG's first claim is brough under 5 U.S.C. § 552 and alleges USCBP has failed to produce records withing the deadlines set by FOIA in response to four FOIA requests OAG submitted to USCBP on June 7, 2024. As of the date of this Joint Report, no documents have been produced in response to OAG's FOIA requests.

OAG's second claim is brought under 5 U.S.C. § 552 and alleges that USCBP has a policy or practice of violating FOIA's provisions and its own promulgated rules by improperly invoking extensions to its FOIA response deadlines.

*Defendant's claims and defenses:*

CBP acknowledges that given the unprecedented increase in FOIA requests and FOIA lawsuits, it was unable to produce responsive documents to the Plaintiff within the deadline set by FOIA.  That is not because CBP has a "policy or practice" of violating FOIA's provisions.  CBP's staff of 31 full-time employees has worked as diligently as possible to respond to those requests as quickly, and accurately, as possible, on a first-in, first-out basis.  That said, searching for potentially responsive documents, reviewing pages for responsiveness, assessing whether any redactions are required and applying those redactions were necessary, and then obtaining the necessary internal CBP clearances is a time-intensive process.  During fiscal year 2024, CBP received nearly *180,000 requests*, a 25% increase over the prior fiscal year.  Even working with alacrity, it is currently almost impossible for CBP to meet the deadlines set by FOIA, although CBP at all times endeavors to do so.  It is harder still to meet those deadlines when requestors use broad search terms likely to produce a number of responsive documents not genuinely relevant to the category of documents sought by the requester.

Additionally, CBP disputes that Plaintiff has standing to assert a pattern or practice claim in this action.

3. **Time limits to amend pleadings and join parties:**

The parties do not anticipate further amendments to the pleadings, nor any additional parties to be joined to the suit.

4. **Time limit to file dispositive motions:**

Proposed deadline for dispositive motions: May 15, 2025.

5. **Initial designation of experts and responsive designation of experts:**

The parties do not anticipate designating any experts.

6. **Deadline for objections to experts:**

The parties do not anticipate objections to experts will be needed.

7. **Proposed plan and schedule for discovery:**

*Plaintiff's contentions:* "[A]s a general rule, discovery in a FOIA cases is 'rare.'" *In re Clinton*, 973 F.3d 106, 113 (D.C. Cir. 2020) (quoting *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 318 (D.C. Cir. 2006)). However, OAG believes limited discovery as to OAG's second claim may be necessary. Such discovery will only seek information related to USCBP's policies, practices, and procedures regarding the manner and means by which USCBP extends its deadlines to respond to and process FOIA requests.

Because production of at least some documents is expected by January 15, 2025, OAG reserves the right to motion the Court after January 15, 2025, to permit limited discovery, if necessary.

*Defendant's contentions:* As Plaintiff states, discovery in FOIA cases is rare. There is no basis at this time to believe that this case will necessitate discovery.

8. **Any additional limitations on discovery:**

The parties agree that no additional limitations on discovery are needed at this time.

9. **Discovery on electronically stored information:**

Because discovery is not necessary at this time, the parties do not anticipate any issues regarding ESI.

10. **Handling and protection of privileged or trial-preparation material:**

The parties expect that some records responsive to OAG's pending FOIA requests may contain information exempt from disclosure under FOIA. Accordingly, where USCBP contends that such an exemption applies, it will produce "[a]ny reasonably segregable portion of [the] record . . . after [redaction or] deletion of the portions which are exempt." 5 U.S.C. § 552(b).

11. **Trial Date:**

The controversy is likely to be resolved through motions for summary judgment (or settlement) and no trial date is necessary.

12. **Mediation Deadline:**

Mediation is unlikely to facilitate resolution of the controversy and the parties believe they will be able to directly negotiate with each other. USCBP has identified 6,508 pages of documents and 1,823 spreadsheets that are potentially responsive to OAG's four FOIA requests. However, USCBP has suggested a majority of those records may not actually be responsive to OAG's request.

OAG's FOIA requests sought e-mail and text communications made by named USCBP officials using certain key words, including the key word "Pimentel." USCBP has explained that Pimentel is a common surname, thus many documents and spreadsheets that include the term Pimentel are not likely to be the individual OAG sought to identify in the search terms it provided in its FOIA requests. USCBP has represented that by excluding the term "Pimentel," the number of potentially responsive records drops to 1,257 pages and 109 spreadsheets. USCBP has informed OAG that it will process those 1,257 pages and 109 spreadsheets by January 15, 2025.

USCBP has asked OAG to agree to drop the term Pimentel from the FOIA request, but OAG has thus far declined to do so. OAG will reevaluate whether it is appropriate to further limit the scope of its FOIA requests after reviewing the upcoming January 15th production.

For the remaining approximately 5,000 pages and 1,700 spreadsheets, USCBP has stated it will process the records at a rate of 500 pages per month. Accordingly, USCBP estimates processing of the remaining documents may take up to 13-months after the January 15, 2025 production. Should OAG continue to seek processing of the remaining records, it expects to motion the Court for an order accelerating USCBP's processing rate.

**13. Initial Disclosures:**

The parties agree that FED. R. CIV. P. 26(1) disclosures are not needed in this case.

**14. Consent to a trial before a Magistrate:**

Because the parties do not request a trial date, as explained in paragraph 11, the parties respectfully do not consent to trial before a magistrate judge.

**15. Whether a conference with the Court is requested:**

Plaintiff's contentions:  OAG respectfully requests a conference with the Court be set for the week of February 3rd or 10th, so that any issues remaining after USCBP's January 15, 2025 production may be identified and discussed.

Defendant's contentions:  CBP respectfully asserts that conference with the Court is unnecessary.  If there are issues remaining after CBP's January 15, 2025 production of responsive documents, the parties should with work together collaboratively to resolve those issues, or brief them in dispositive motions by the proposed deadline set forth herein.

**16. Other proposals regarding discovery:**

At this time, the parties do not believe any further orders regarding discovery are necessary.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division

*s/ Clay Watkins*
CLAYTON R. WATKINS
Assistant Attorney General
Consumer Protection Division
State Bar No. 24103982
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-2042
Telecopier: (512) 473-8301

Email: clayton.watkins@oag.texas.gov

*Counsel for the Office of the Attorney General of Texas; and,*

LEIGHA SIMONTON
UNITED STATES ATTORNEY

<u>*s/ Tami C. Parker*</u>
Tami C. Parker
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone:  817-252-5200
Facsimile:   817-252-5458
Email:   tami.parker@usdoj.gov

*Counsel for Defendant*